MEMORANDUM OPINION

No. 04-05-00053-CR

Sylvia CANTU,

Appellant

v.

The STATE of Texas,

Appellee

From the 81st Judicial District Court, Frio County, Texas 

Trial Court No. 03-08-00095-CRF

Honorable Donna Rayes, Judge Presiding

Opinion by: Sarah B. Duncan, Justice

Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

Delivered and Filed: April 12, 2006

AFFIRMED

 Sylvia Cantu appeals the judgment convicting her of capital murder and sentencing her to life imprisonment. We affirm.

 1. In her first issue, Cantu contends the testimony of the accomplice witness was not "corroborated by other evidence
tending to connect [Cantu] with the offense committed." See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). We
determine the sufficiency of the corroboration by "eliminat[ing] from consideration the testimony of the accomplice witness
and then examin[ing] the testimony of other witnesses to ascertain if there is evidence which tends to connect the accused
with the commission of the offense." Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). "The
non-accomplice evidence does not have to directly link appellant to the crime, nor does it alone have to establish his guilt
beyond a reasonable doubt." McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522 U.S. 844 (1997).
And "[t]he accomplice witness testimony in a capital murder case does not require corroboration concerning the elements of
the aggravating offense, i.e. the elements which distinguish murder from capital murder." Id. 

 The accomplice witness, Jesse Garcia, testified that Cantu participated in the planning and execution of the robbery of the
Dollar Max store in Dilley and the stabbing murder of a store employee, Rachel Molina. The State presented
non-accomplice witness evidence that Cantu and Garcia were together in the park across the street from the Dollar Max
store before the murder and went into the store together. Cantu watched as one customer left and another came in and left;
thereafter, somebody locked the front door. The front door of the store automatically closes behind customers as they enter
and is locked by pushing and turning a button on the inside doorknob. Cantu's fingerprint was found on the inside doorknob
of the front door. A half-empty bottle of Big Red soda with Cantu's fingerprints was found on a stand next to where both
Cantu and the accomplice stated the attack began. The Texas Ranger who led the investigation testified the white tennis
shoes Cantu was wearing the night of the murder had spots of the victim's blood on them. Immediately after the murder,
Cantu and Garcia went together to the home of Garcia's brother, who gave them a ride to Cantu's grandmother's house.
There, after hooking up the water supply so Garcia could take a shower, Cantu walked to her cousin's house where she
asked for a ride to Pearsall, saying "I need to get out of here. I fucked up." One of Cantu's cousins gave Cantu and Garcia a
ride to Pearsall where Cantu lied to another cousin about not having her identification card so that he would register a motel
room for Cantu and Garcia in the cousin's name.

 The State's non-accomplice evidence also suggests that more than one person participated in the robbery and murder.
Molina was stabbed twenty-one times, her neck was sliced four times, and she was dragged across the store. Yet there was
no sign of blood on the cash register, which was emptied of cash. Further, Garcia received a stab wound on the top part of
the back of his thigh during the crime, indicating that someone besides Garcia was wielding a knife. There was no
suggestion that anyone other than Cantu, Garcia, and Molina were present and no suggestion that Molina ever had or used a
knife. 

 After eliminating the accomplice witness testimony from our consideration, we conclude that the non-accomplice evidence
tends to connect Cantu to the offense sufficiently to corroborate the testimony of the accomplice witness. See McDuff, 939
S.W.2d at 613 (holding that "[e]vidence that the defendant was in the company of the accomplice at or near the time or
place of the offense is proper corroborating evidence"); Hernandez, 939 S.W.2d at 178 (evidence of flight and guilty
demeanor are circumstances that may tend to connect a defendant with a crime); Gosch v. State, 829 S.W.2d 775, 781 (Tex.
Crim. App. 1991), cert. denied, 509 U.S. 922 (1993) (presence of victim's blood on defendant's clothing is corroborating
evidence).

 2. In her second and third points, Cantu argues the trial court abused its discretion in admitting evidence that Cantu had, on
previous occasions, possessed a knife. Cantu's mother testified that she saw Cantu with a knife one time after Cantu had
started dating Garcia but before the Dollar Max robbery and murder. Cantu's cousin Donna Gauna testified that Cantu once
showed her a pocket knife. Gauna testified Cantu told her she had the knife "for protection" because women sometimes
"stared her up and down, real ugly" when she was with Garcia; and she carried the knife so that, if someone picked a fight,
"she was going to defend herself before they could do anything to her." Because the trial court's ruling that this evidence
was admissible to show intent, preparation, or plan is not outside the "zone of reasonable disagreement," we hold the trial
court did not abuse its discretion in admitting it. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(on reh'g); Tex. R. Evid. 404(b). (1)

 The trial court's judgment is affirmed.


 Sarah B. Duncan , Justice



Do not publish

1. In her summary of the argument, Cantu makes the general statement that the evidence was inadmissible because it was
not relevant and because "it's [sic] probative [value] was outweighed by it's [sic] prejudicial effect." However, in the
substance of her brief, Cantu argues only that the testimony was not relevant. She does not argue that the evidence should
have been excluded under Rule 403 of the Texas Rules of Evidence. Accordingly, Cantu has not presented an issue under
Texas Rule of Evidence 403.